IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 07 2005

JAMES W. McCORMACK, CLERK
By: _____
                        DEP CLERK

ROGER BROCKINTON                                                                    PLAINTIFF

v.        CASE NO. 4-05-CV-0954SWW

This case assigned to District Judge Wright
and to Magistrate Judge Ray

THE CITY OF SHERWOOD, ARKANSAS, a body Public,                    DEFENDANTS
KEL NICHOLSON, individually and in his Official Capacity
as Chief of Police for Sherwood, Arkansas, JOHN H. SCOTT,
individually and in his Official Capacity, ALEXANDER KILGORE,
individually and in his Official Capacity, JERRY D. BRADFORD,
individually and in his Official Capacity, CHRISTOPHER R.
CONE, individually and in his Official Capacity, VERNON D.
BLOCKER, individually and in his Official Capacity, EDDIE
P. ALVIS, individually and in his Official Capacity, JAMES
S. CALHOUN, individually and in his Official Capacity,
THE COUNTY OF VAN BUREN, ARKANSAS, a body
Public, Scott Bradley, individually and in his Official Capacity
as Sheriff of Van Buren County, Arkansas, and Randy Gurley,
individually and in his Official Capacity

## COMPLAINT

Comes now the Plaintiff, Roger Brockinton (Brockinton), by and through his attorney, the Morris W. Thompson Law Firm, P.A., and as for his Complaint against the Defendants, states and alleges as follows:

### INTRODUCTION

This is an action brought under 42 U.S.C. Section 1983: 28 U.S.C. Section 2201 and 2202;

1

and for the pendant state tort claims of false arrest and imprisonment, malicious prosecution, conversion and outrage. Brockinton also seeks relief in this court pursuant to the Arkansas Civil Rights Act of 1993, Arkansas Code Annotated 16-123-101 et seg. Brockinton seeks redress against named Defendant, Kel Nicholson individually, and in his official capacity as Chief of Police and the chief policy maker for the Sherwood Police Department, and for his failure to adequately train and supervise the named officers and for creating and supporting customs and policies resulting in indifference to the rights of citizens, and for acts and omissions by such officers which were deliberately indifferent to Brockinton's constitutional rights to liberty, property, and privacy, amounting to a deprivation thereof, and said named officers in their official capacities as officers of the Sherwood Police Department, and for acts and omissions by such officers which were deliberately indifferent to Brockinton's constitutional rights to liberty, property, and privacy, amounting to a deprivation thereof.

Brockinton also seeks redress against named Defendant, Scott Bradley, individually and in his official capacity as Sheriff of Van Buren County and the chief policy maker for the Van Buren County Sheriff's Department, and for his failure to adequately train and supervise the named officer and for creating and supporting customs and policies resulting in indifference to the rights of citizens, and for acts and omissions by such officers which were deliberately indifferent to Brockinton's constitutional rights to liberty property, and privacy, amounting to a deprivation thereof, and Randy Gurley, individually and in his official capacity as an officer of the Van Buren County Sheriff's Department, and for acts and omissions by such officer which were deliberately indifferent to Brockinton's constitutional rights to liberty, property, and privacy, amounting to a deprivation thereof.

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1343 and 42 U.S.C. Section 1983, to redress violations of Brockinton's constitutional rights guaranteed by the 4th and 14th Amendments to the United States Constitution; and 28 U.S.C. Section 2201 and 2202 for declaratory judgment and injunctive relief. Additionally, pursuant to its plenary power, this court has jurisdiction over the pendant state tort claims of false arrest, false imprisonment, conversion and malicious prosecution and outrage.

## PARTIES

1. Plaintiff, Roger Brockinton (Brockinton), is a citizen of the United States and a resident of the city of Sherwood, Pulaski County, Arkansas.

2. At the time in question, the legally constituted Chief of Police for the city of Sherwood, was James Thomas who functioned in that capacity at all times relevant hereto. Chief Thomas was the chief policy maker for the city of Sherwood Police Department. Kel Nicholson (Nicholson), is presently the legally constituted Police Chief of the city of Sherwood, Arkansas and is substituted for James Thomas (Thomas).

3. John Scott (Scott), Alexander Kilgore (Kilgore), Jerry D. Bradford (Bradford), Christopher Cone (Cone), Vernon D. Blocker (Blocker), Eddie Alvis (Alvis), James Calhoun (Calhoun) and Michael D. Paine (Paine) were police officers with the city of Sherwood Police Department and were, at all times relevant hereto, acting in their official capacities and under the color of authority, as officers of the Sherwood Police Department and who held Brockinton in the custody of the State.

4. Scott Bradley (Bradley), at the time in question, was the legally constituted Sheriff

for Van Buren County, Arkansas and who functioned in that capacity at all times relevant hereto. was the chief policy maker for the Van Buren Sheriff's Department.

5.      Randy Gurley was a deputy with the Van Buren Sheriff's Department and was at all time relevant hereto acting in his official capacity and under the color of authority as an officer of the Van Buren Sheriff's Department

## FACTS

6.      On Sunday, July 14, 2002, a Pamela Murphy made contact with Officers Scott and Calhoun alleging that three (3) days earlier, July 11, 2002 a boat and trailer that she and her late boyfriend, Mike Wiley, owned had been stolen out of their yard in Higdon, Arkansas, Cleburne County, and that it was located at Brockinton's residence.

7.      Scott, Calhoun, Kilgore, Cone, Bradford, Alvis, Paine and Blocker went to Brockinton's residence and observed the boat in question. Brockinton was at work and there was no one to respond to the officers at the time.

8.      Without doing a reasonably competent investigation, but relying primarily upon Pamela Murphy's unsworn word that the boat belonged to her and that it was stolen, Scott and Calhoun caused a search and seizure warrant to issue for the capture of the boat.

9.      For no justifiable reason, the warrant was executed that night at approximately 10:30pm while Brockinton was yet at work.

10.     The boat was parked in Brockinton's secured yard and behind his pick up truck. To get to the boat, the officers cut the locked chains securing his gate, had a tow truck hook to the pick up and dragged the truck out of the way.

11.     Although the alleged crime was supposed to have occurred within the jurisdiction

of the city of Higdon, County of Cleburne, Arkansas, and neither the city of Higdon nor the county of Cleburne had issued a search and seizure warrant, the Sherwood Police Department unlawfully entered Brockinton's property and seized the boat and trailer.

12. Scott and Calhoun left the search warrant and a note on Brockinton's door telling him to contact them to discuss the allegations.

13. When Brockinton returned home from work and saw the warrant and note he called Scott to see why the officers had entered his property as they did given the fact he had lived at that residence for over ten (10) years and had worked at Mableline for over ten (10) years and he was not going anywhere. Furthermore, the pickup was on a flat and had mechanical trouble so there was no need to rush to enter his property to take the boat without questioning him first.

14. Brockinton told Scott the boat was not stolen; that Murphy was a known liar and had been convicted of felonies involving untruthfulness; that his neighbors could easily discredit her allegation that the boat was recently placed in his yard in that it had been there for several months; that he could provide witnesses who could establish that the boat and trailer were not owned jointly by Pam Murphy and Mike Wiley; that it was owned by Mike Wiley alone who had brought the boat to Brockinton as security for a debt owed Brockinton.

15. Scott informed Brockinton that he had a warrant for his arrest and that should surrender or face being arrested.

16. Although the alleged crime was supposed to have occurred within the jurisdiction of the city of Higdon, County of Cleburne, Arkansas, neither Higdon nor Cleburne County had issued an arrest or search and seizure warrant. Inspite of this, on July 15, 2003 the Sherwood Police Department arrested Brockinton, charging him with Theft by Receiving, a Class B felony. Brockinton was required to post a $2,576.00 bond for his liberty.

17.     In that the alleged crime supposedly took place in the city of Higdon, county of Cleburne, Arkansas, the crime, if any, did not occur within the jurisdiction of the Sherwood Police Department. Consequently, the authority to issue an arrest warrant resided with the situs of the alleged crime. The Sherwood Police Department did not have the authority to arrest for a crime which supposedly occurred outside its jurisdiction without an arrest warrant issuing from the situs of the alleged crime.

18.     Additionally, without authorization from the court or Brockinton, but prior to disposition of the charges, the Sherwood police department turned the boat and trailer over to Pam Murphy and has failed and refused to return them or compensate Brockinton for his loss. This conduct violated Brockinton's due process rights guaranteed by the U.S. and Arkansas constitutions.

19.     Gurley is a deputy sheriff with Van Buren County, not Cleburne County. Gurley knew or should have known that Higdon is in Cleburne County and not Van Buren County and that he was without authority to handle a matter outside his jurisdiction.

20.     Gurley knew or with due diligence should have known the allegation of theft was false but failed to use proper police procedures in the handling of the allegations.

21.     The damages Brockinton suffered as a result of Gurley's actions and inactions are the proximate result of Bradley's failure to supervise and/or train Gurley, such failure to train and supervise also being the result of a policy and custom of the Van Buren County Sheriff's Department.

22.     The damages Brockinton suffered as a result of the actions and inactions Scott, Calhoun, Kilgore, Cone, Bradford, Alvis, Paine and Blocker is the proximate result of Thomas' failure to supervise and/or train them, such failure to train and supervise also being the result of a

policy and custom of the Sherwood Police Department.

## FEDERAL CIVIL RIGHTS VIOLATIONS
## UNDER 42 U.S.C. SECTION 1983

23.   The above recited acts and omissions of Defendants, while each was acting under color of authority and in their individual and official capacities, respectively constitute a deprivation of Brockinton's constitutional right to liberty, privacy and property as guaranteed by the 14th Amendment to the United States Constitution. Such acts of Defendants while acting within the color of their authority are sufficient to invoke an action under 42 U.S.C. Section 1983 against them for which Brockinton seeks damages as set forth infra.

24.   The actions of separate defendants Scott, Calhoun, Kilgore, Bradford, Cone, Blocker, Alvis, and Paine were the result of Thomas' and the Sherwood Police Department's failure to adequately train and/or supervise said officers.

25.   Said rampant failure to train and supervise are the results of Thomas' decisions as the chief decision maker for the Sherwood Police Department as well as the long standing customs, practices and policies of the Police Department.

26.   The actions of separate defendant Gurley were the result of Bradley's and the Van Buren County Sheriff's Department's failure to adequately train and/or supervise said officer.

27.   Said rampant failure to train and supervise are the results of Bradley's decisions as the chief decision maker for the Van Buren Sheriff's Department as well as the long standing customs, practices and policies of the Sheriff's Department.

28.   Furthermore, said defendants' actions were unreasonable in light of all of the circumstances that were reasonable to be known had they competently investigated at the time of

search and seizure and subsequent arrest.

## DECLATORY JUDGMENT AND INJUNCTION
## UNDER 28 U.S.C. SECTIONS 2201 AND 2202

29. Brockinton specifically adopts by reference the allegations contained in paragraphs one (1) through twenty-three (23), supra.

30. The intentional and unnecessary acts of false imprisonment and omissions complained of herein constitute the tort of malicious prosecution, pursuant to Arkansas law for which Brockinton seeks damages from Defendants as set forth, infra.

31. The aforesaid acts also constitute the tort of outrage pursuant to Arkansas law, in that the acts were willful, wanton and committed with reckless disregard of the natural and foreseeable consequences of such acts. Such conduct was extreme and outrageous to such a degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized society. As a natural and foreseeable result of said acts of Defendants, Brockinton has suffered severe emotional distress. For these acts Brockinton seeks damages as set forth, infra.

32. The acts, customs and policies of Sheriff Bradley, Randy Gurley, Chief Thomas, Scott, Calhoun, Kilgore, Cone, Bradford, Alvis, Paine and Blocker as set forth in the preceding paragraphs were willful, wanton and committed in reckless disregard of the natural consequences, evidencing a deliberate indifference to the Brockinton's constitutional rights and the rights of other citizens. Said acts, customs and policies proximately caused Brockinton to be subjected to the misconduct of such officers, as complained of herein, resulting in injury therefrom. For such customs, policies and procedures which resulted in deliberate indifference to Brockintons' rights

and injury therefrom, Brockinton seeks damages as set forth, <u>infra</u>.

## DAMAGES

33. For the acts, omissions, customs and policies complained of herein, Brockinton seeks the following relief:

    a. Damages for violation of his constitutional rights;

    b. Damages for the intentional acts of false arrest and false imprisonment, malicious prosecution, outrage;

    c. Damages for emotional distress, past and future;

    d. Damages for pain, suffering, past and future;

    e. Damages for loss wages;

    f. Damages for conversion;

    h. Punitive damages; and

    i. Reasonable attorney's fees and costs.

All to be determined by a jury.

WHEREFORE, Plaintiff, Roger Brockinton, requests a judgment against Defendants, jointly and severally, for violation of his rights protected by the United States and Arkansas Constitutions, and for the pendant state tort claims of false arrest and imprisonment, outrage, conversion and malicious prosecution; for a declaratory judgment and injunction prohibiting the acts complained of herein; for reasonable attorney's fees and costs; for punitive damages; and for all other just and proper relief in the premises.

PLAINTIFF DEMANDS A JURY TRIAL.

9

Respectfully submitted for
Roger Brockinton, plaintiff herein

*/s/ Morris W. Thompson*

Morris W. Thompson, ABN#80145

Morris W. Thompson Law Firm, P.A.
P. O. Box 662
Little Rock, AR 72203
(501) 661-8100
(501) 372-4101
E-mail: mwthompsonlaw@sbcglobal.net